IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MARCO ALBERTO CANTU, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:23-CV-1476-RP |
| | § | |
| J. MICHAEL MOORE, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court are Plaintiff Marco Alberto Cantu's ("Plaintiff") motions for a preliminary

injunction. (Dkts. 2, 7). In response, Defendant J. Michael Moore ("Defendant") filed a Rule

12(b)(3) motion to dismiss Plaintiff's complaint for improper venue, or alternatively, a 12(b)(6)

motion to dismiss for failure to state a claim. (Dkt. 13). Plaintiff filed a response in opposition to

Defendant's motion to dismiss. (Dkt. 15). Having considered the parties' briefs, the record, and the

relevant law, the Court will deny Plaintiff's motions for a preliminary injunction and grant

Defendant's motion to dismiss.

## I. BACKGROUND

Plaintiff is a disbarred attorney, appearing in this litigation *pro se*, who seeks to involve this

Court in a long saga of litigation that has played out in many state and federal courts across the State

of Texas. The Court will not summarize all the litigation that has occurred between the two parties,

but it will provide a brief summary as background for this order.

In 2008, a Webb County jury found Plaintiff liable for tortious interference of contract and

awarded a $1.6 million judgment in favor of Defendant's law firm, Guerra & Moore LTD LLP

("Guerra & Moore"). *See Guerra & Moore, Ltd., LLP v. Cantu*, No. 2005CVQ00954-D3 (111th Dist.

Court, Webb County, Tex. Aug. 4, 2008); (*see also* Ex. H, Dkt. 13-8). This judgment was upheld on

1

appeal in 2009. *See Cantu v. Guerra & Moore LTD LLP*, 328 S.W.3d 1 (Tex. App.—San Antonio 2009, no pet.). Plaintiff then initiated a "bill of review" case alleging that the judgment was the result of a "pay for perjury scheme" that prevented Plaintiff from adequately litigating his claim. The "bill of review" case was removed from state court to the Southern District of Texas. In 2020, the district court held a bench trial, which led the court to find that Plaintiff had "failed to carry his burden of proving by a preponderance of the evidence a pay-for-perjury scheme or any conspiracy or fraud . . . ." *Cantu v. Guerra & Moore Ltd LLP*, No. 5:18-cv-00161 (S.D. Tex. Nov. 3, 2020), ECF No. 111. Plaintiff appealed the district court's judgment, but the Fifth Circuit dismissed Plaintiff's appeal for lack of jurisdiction. *See Cantu v. Guerra & Moore Ltd., L.L.P.*, No. 21-40493, 2022 WL 2867168, at *1 (5th Cir. July 21, 2022). Meanwhile, Defendant's law firm Guerra & Moore commenced a separate action in 2011 in the Southern District of Texas against Plaintiff to recover on the underlying judgment from the 2008 Webb County jury verdict. *See Guerra & Moore, Ltd., LLP v. Cantu*, No. 7:11-CV-00299 (S.D. Tex. filed Oct. 6, 2011). This case is still ongoing.

In 2019, Plaintiff returned to state court and filed eight different lawsuits or petitions in Hidalgo County. (Mot. Dismiss, Dkt. 13, at 5). In one of those cases, Defendant intervened, and in February 2023, he obtained a permanent injunction from a Hidalgo County court barring Plaintiff, and anyone working in concert with Plaintiff, from any attempts to further litigate issues related to his unproven allegations of a "pay for perjury scheme." *See Cantu v. Rodriguez*, No. C-4003-19-A (92nd Dist. Court, Hidalgo County, Tex. Feb. 23, 2023); (*see also* Ex. E, Dkt. 13-5). The injunction bars Plaintiff from filing any further cases related to these allegations, seeking to have a grand jury prosecute Defendant and others on these allegations, or presenting evidence or testimony to a grand jury in a proceeding related to these allegations. *Id.*

Displeased with the Hidalgo County court's ruling, Plaintiff initially filed a writ of mandamus seeking to vacate all orders issued by the Hidalgo County court, including the permanent injunction.

2

The 13th Circuit Court of Appeals denied the writ of mandamus on July 31, 2023. *See In re Cantu*, No. 13-23-00265-CV, 2023 WL 4855313, at *1 (Tex. App. July 31, 2023). Plaintiff then appealed the permanent injunction to the 13th Circuit Court of Appeals. That appeal is currently pending, but on December 8, 2023, the court denied Plaintiff's request for oral argument and stated it would consider the appeal on the briefs. (*See* Ex. F, Dkt. 13-6).

Plaintiff filed his complaint in this action on December 5, 2023, (Dkt. 1), and an amended complaint on December 18, 2023, (Dkt. 6). He claims that the Hidalgo County court's permanent injunction violates 42 U.S.C. § 1983 and his First Amendment rights to free speech. His amended complaint is brief, citing just one case for support. (*Id.* at 2 (citing *Elrod v. Burns*, 427 U.S. 347, 373– 74 (1976)). Plaintiff seeks a permanent injunction from this Court prohibiting the enforcement of the Hidalgo County court's permanent injunction. (*Id.* at 2–3). Shortly after filing his original complaint, Plaintiff also filed a motion for a temporary restraining order ("TRO") and a preliminary injunction seeking the same relief. (Mot. TRO, Dkt. 2). On December 12, 2023, the Court issued an order in this case denying Plaintiff's request for a TRO but stated that it would address Plaintiff's motion for a preliminary injunction once Defendant had been served and given the opportunity to respond. (Order, Dkt. 5).

Plaintiff then filed a second motion for a preliminary and permanent injunction, (Dkt. 7), and an "emergency motion" for a hearing on the motions for a preliminary injunction, (Dkt. 11). On January 18, 2024, Defendant appeared in this case. On that date, he filed an answer to the amended complaint, (Dkt. 12), and the instant motion to dismiss for improper venue or failure to state a claim, (Dkt. 13). On January 19, 2024, the Court issued another order indicating that it would not schedule a hearing on the motions for a preliminary injunction and instead would consider both the motion to dismiss and the motions for a preliminary injunction based on the briefing. (Order, Dkt. 14).

## II. LEGAL STANDARD

### A. Preliminary Injunction

A preliminary injunction is an extraordinary remedy, and the decision to grant such relief is to be treated as the exception rather than the rule. *Valley v. Rapides Par. Sch. Bd.*, 118 F.3d 1047, 1050 (5th Cir. 1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The party seeking injunctive relief carries the burden of persuasion on all four requirements. *PCI Transp. Inc. v. W. R.R. Co.*, 418 F.3d 535, 545 (5th Cir. 2005). A movant cannot be granted a preliminary injunction unless it can establish that it will suffer irreparable harm without an injunction. *Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1350 (Fed. Cir. 2001).

### B. 12(b)(3) Motion to Dismiss

A party moving to dismiss based on improper venue does so pursuant to Federal Rule of Civil Procedure 12(b)(3). "In an action not based on diversity, proper venue lies in either '(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.'" *McClintock v. Sch. Bd. E. Feliciana Par.*, 299 Fed. Appx. 363, 365 (5th Cir. 2008) (citing 28 U.S.C. § 1391(b)).

"On a Rule 12(b)(3) motion to dismiss for improper venue, the court must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff." *Braspetro Oil Servs. v. Modec (USA), Inc.*, 240 F. App'x 612, 615 (5th Cir. 2007). However, the Court may consider evidence in the record beyond the facts alleged in the complaint and its attachments, including affidavits or

4

evidence submitted by the parties as part of the venue motion. *Ginter ex rel. Ballard v. Belcher, Prendergast & Laporte*, 536 F.3d 439, 449 (5th Cir. 2008). When it is determined a case is filed in a division or district of improper venue, the district court may either dismiss the case or transfer it to any district or division of proper venue. *See* 28 U.S.C. § 1406(a).

### C. 12(b)(6) Motion to Dismiss

Pursuant to Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a 12(b)(6) motion, a "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted). "[A] motion to dismiss under

12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).

### III. DISCUSSION

Reviewing Plaintiff's filings in light of the background summarized above, it is clear that Plaintiff is asking this Court to undermine the work that the Southern District of Texas and state court system have done to try to resolve the parties' longstanding disputes. Plaintiff brings suit in this Court, despite never pleading any facts as to why venue is proper in the Austin Division of the Western District of Texas. Indeed, the proper venue for this case would be in the Southern District of Texas, McAllen Division given that the state court that issued the permanent injunction lies in Hidalgo County and both Plaintiff and Defendant live in Edinburg, Texas. Because venue is improper here, this Court could dismiss or transfer the case for this reason. *See* 28 U.S.C. § 1406(a). But because Plaintiff has also failed to state a claim upon which relief can be granted, the Court finds that dismissal would be more appropriate.

Plaintiff asks this Court to enjoin the enforcement of a state court's injunction and interfere with a pending state court appeal of that judgment. Under the Anti-Injunction Act, a "court of the United States may not grant an injunction to stay proceedings in a state court except as expressly authorized by Act of Congress, or where necessary, in aid of its jurisdiction, or to protect of effectuate its judgments." 28 U.S.C. § 2283. This statute is generally recognized to permit a district court to enjoin state court proceedings on only three bases: When it is (1) expressly authorized by a federal statute, (2) necessary to assert jurisdiction, or (3) necessary to protect or effectuate a prior judgment by a federal court. *St. Paul Mercury Ins. Co. v. Williamson*, 332 F.3d 304, 308–09 (5th Cir. 2003) (citing *Atlantic Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 286 (1970)). Plaintiff does not assert that any of these three bases are present here, nor does the Court find that any of them could be asserted. There does not appear to be any federal statute at issue in this case.

6

An injunction is not necessary to assert the Court's jurisdiction in this case. *See* 17A Fed. Prac. & Proc. Juris. § 4225 (3d ed.) (discussing how the second exception is typically only invoked when a federal court seeks to enjoin a state action involving property in the custody of a federal court). And an injunction is not necessary under the third exception to stop a party from relitigating a matter already decided in federal court. *See St. Paul Mercury Ins. Co.*, 332 F.3d at 309.

Instead, Plaintiff has an adequate alternative remedy. If his First Amendment rights truly are improperly burdened by the Hidalgo County court's permanent injunction, then the 13th Circuit Court of Appeals can hear that argument and provide him relief on appeal. If the appellate court does not provide him relief, then Plaintiff can appeal his case to the Supreme Court of Texas or even seek review before the United States Supreme Court. This Court, however, must be mindful of principles of comity and federalism when considering interfering with state civil proceedings, even where a plaintiff's First Amendment rights are potentially involved. *Duke v. State of Tex.*, 477 F.2d 244, 248 (5th Cir. 1973). "The mere possibility that the state court order might tend to 'chill' First Amendment rights is not in itself sufficient to justify federal intervention." *Id.* at 251. Plaintiff must instead assert his First Amendment claims through the state appellate process.

Because no exception to the Anti-Injunction Act applies to this case and Plaintiff has a valid state appellate remedy, the Court cannot provide Plaintiff the injunctive relief that he requests. The Court must deny Plaintiff's motion for a preliminary injunction because Plaintiff cannot succeed on the merits of his case. The Court must also grant Defendant's motion to dismiss, as Plaintiff has failed to state a claim upon which relief can be granted. Although typically "the court should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), a district court may deny leave to amend if amendment would be futile because it would fail to state a claim upon which relief could be granted. *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872–73 (5th Cir. 2000). Given that no amendment could fix the fundamental flaws in Plaintiff's complaint and given that Plaintiff has

already amended his complaint once, the Court will deny Plaintiff leave to amend his complaint a second time and dismiss Plaintiff's complaint with prejudice. *See Hammer v. Equifax Info. Servs., L.L.C.*, 974 F.3d 564, 570 (5th Cir. 2020) (finding no abuse of discretion where a district court dismissed a complaint with prejudice after holding that the plaintiff's claim was futile).

## IV. CONCLUSION

Accordingly, **IT IS ORDERED** that Plaintiff's motions for a preliminary and permanent injunction, (Dkts. 2, 7), are **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's motion to dismiss, (Dkt. 13), is **GRANTED** for improper venue and for failure to state a claim. Plaintiff's amended complaint, (Dkt. 6), is **DISMISSED WITH PREJUDICE**.

The Court will enter final judgment by separate order.

**SIGNED** on March 15, 2024.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE